CHIEF JUSTICE PRYOR
delivered the opinion of the court.
In the months of March and April in the year of 1875 the appellee J. S. Baskett purchased of E. H. Taylor one hundred and fifty barrels of whisky, then in the bonded warehouse at Taylor’s distillery, near Frankfort. He paid for the whisky, obtaining a bill of sale describing it by serial numbers, and also a warehouse-receipt. After the payment of the tax by the appellee, he directed the whisky to be removed from the bonded warehouse to the free warehouse of Taylor in Frankfort, and supposed it had been done; but the facts show that Taylor had, prior to this direction, but subsequent to Baskett’s purchase, pledged the whisky to appellant to secure advancements made. %
It seems that the appellant, some five or six months after appellee’s purchase, made large advancements of moneys to Taylor, and took from him a warehouse-receipt for this same whisky to secure the company.
The appellant at the time was a factor of whisky, doing business in the city of Louisville, and after making the advancements, and without any knowledge of appellee’s ownership, ordered the whisky to be shipped to the company at its business-house in Louisville. After the whisky was received the company sold twenty-five barrels, with which it credited Taylor’s account, and now holds twenty-four barrels in its possession, asserting a claim to it on account of advancements made Taylor, and denies the title asserted by the appellee. As to the one hundred and one barrels, the company says that in February, 1877, Taylor having repaid it all the advancements made, the company delivered to Taylor its warehouse-receipt for the one hundred and one barrels, and the latter indorsed it to Gregory & Stagg, of St. Louis, and recognizing this *662 latter firm as the real owner, the company shipped seventy-six barrels of the whisky at one time to St. Louis, and twenty-five barrels at another time, on the order of Gregory & Stagg.
In May, 1877, Taylor left the state on account of pecuniary troubles, and the appellee, when in search of his whisky, traced it to the possession of the appellant The NewcombBuchanan Co., and ascertaining the facts in relation to the transactions between Taylor and the appellant, instituted this action against it for the conversion of his one hundred and fifty barrels of whisky.
The principal defense on the part of appellant is that it acted in good faith, and obtained the whisky in its usual course of business, without any knowledge of appellee’s claim, and Jhat by the settlement of all advancements with Taylor and delivering to him its warehouse-receipt, the company had in fact returned one hundred and one barrels of the whisky to Taylor before notice of appellee’s title. The company also denied the title of the appellee, and in addition alleged that Taylor had authority from Baskett, if he (Baskett) was the owner, to pledge the whisky.
What acts are necessary to constitute a conversion can not be easily defined, and in the examination of the many reported cases on the subject, there is a seeming conflict in the decisions, arising more from the circumstances connected with the particular case being considered, than in the application of the legal principle involved.
Chitty says: “That the mere taking of an assignment of goods from one who has no right to dispose of them is a conversion, for this is an assumption by the assignee of property in the goods.” “ In the case of a conversion by wrongfully taking it' is not necessary to prove a demand and refusal; and the intent of the party is immaterial; and if defendant acted under the supposition that he was justified in what he did, or as the *663 servant of, and for the benefit of another person, he will be equally liable to this action.” (1 Chitty’s PI., p. 153.)
In the case of Pool v. Adkisson, 1 Dana, it was said: “ So a bona fide bailee in possession may not be guilty of a conversion before a proper demand and refusal; but if he sell the property, whether for himself or his bailor, the sale is itself a conversion, and is, as to the owner, tortious in law.” Underwood, judge, in the dissenting opinion in that case, holds that this doctrine should not apply to an innocent bailee claiming no interest in or right to the property, but who had honestly performed his engagement; and in this view he is sustained by nearly all the modern authorities on the question.
In the case of Burroughs v. Hayne (Eng.), 5 Hurlston & Norman, 303, it is said that “Any asportation of a chattel for the use of a defendant or a third person amounts to a conversion, for the simple reason that it is an act inconsistent with the general right of dominion which the owner of the chattel has in it, who is entitled to the use of it at all times and in all places.” This rule is subject to many exceptions, and, in fact, can not be regarded as the true rule.on the subject. It certainly can not be made to apply to a common carrier, wharfinger, or to a factor who, in the ordinary course of business, receives chattels for the mere purpose of storage or transportation, from one who has possession, and where there is nothing that would place the bailee on inquiry or justify the conclusion that the party in possession was not the real owner. The mere possession of goods received by the bailee, without any claim or interest in the chattels, in ignorance of the fact that his possession is adverse to that of the real owner, does not amount to a conversion; there must be an exercise of dominion or control over the property for the benefit of the bailee that is inconsistent with the claims of the real owner. He must assert some lien' upon or have some interest in the property before there can be a conversion, in the absence of a demand and refusal.
*664 The principal opinion in the case of Fowler and others v. Hollins, British Common Law Reports, vol. 7, recognizes the doctrine to be “ that he who deals wrongfully with the goods of another is equally liable, whether he be agent or principal.” Three of the judges in that case held there must be some assertion of property in the goods to constitute a conversion, and that a possession, which is a mere custody, or for the- purpose alone of transportation, is not sufficient. This seems to be the reasonable rule; nor do we regard it as in conflict with the principle “ that any sale or disposition of a chattel without the consent of the true owner, and inconsistent with his right, is a conversion,” for in the case of a mere naked bailment, or where the bailee is only claiming pay for transportation or commission for storage, he is asserting no title, and is in the possession merely, without reference to the right of property. Where, however, the party charged, [whether in the business of a broker or factor, acquires an interest in the property obtained from the original wrongjloer, and exercises such a dominion over it as excludes [he right of the real owner, he is guilty of a conversion. His claim then becomes hostile or inconsistent with that of the party who has the title and right of property. If a mere naked bailee, or one having the possession innocently, with no other intent, and without questioning the right of property in any one, or claiming any himself, he can not well be regarded as a wrongdoer. One, however, who asserts a right of property to the thing in controversy, by reason of a purchase or pledge from the original trespasser, does not acquire title, nor can he be protected as an innocent purchaser. He acquires no greater right than his principal, and while he may restore the property to the rightful owner so as to relieve himself from all liability but mere nominal damages, he can not, after exercising such a dominion over it as that of selling and controlling the proceeds for his own benefit, claim *665 that he should be protected, as an innocent purchaser would be, from a fraudulent vendee. The mere fact of his ignorance of the owner is immaterial. Testing the facts of this case by this rule, there can be no doubt but that appellant was guilty of a conversion. While the whisky was in the bonded warehouse it was in the actual possession of the agents of the government, and in the constructive possession of the appellee, nor would it change the application of the rule if in the actual possession of Taylor. The appellant was not only the mere custodian of the whisky, but had acquired an interest in it necessarily hostile to the appellee. The fact that the company was a dealer in and making advances on whisky did not authorize Taylor to pledge to it the whisky of the appellee, or give any lien for advancements made, or confer on it any power to sell in order to repay the advancements. The exercise of such a dominion over the whisky was itself a conversion. Whether, in any case of a pledge, where there has been no act or claim on the part of the pledgee except the mere possession of the property, the pledgee is guilty of a conversion, is not necessary to determine.
In this case the uncontradicted facts show the whisky of the appellee to have been shipped or taken from his possession at Frankfort by Taylor and delivered to appellant at its business-house in Louisville to secure the latter in advances made amounting to several thousand dollars; that this was done without the knowledge of the appellee, and the appellant was at the time ignorant of the fact that it was appellee’s whisky. The company sold twenty-five barrels of the whisky and placed the proceeds to Taylor’s credit for advancements made; shipped one hundred and one barrels of the whisky to Gregory & Stagg at St. Louis, on Taylor’s order, or by reason of the warehouse-receipt executed by it to Taylor, after it had settled all advancements made him. The company now holds twenty-four barrels of the whisky against the claim of appellee, *666 denying his ownership, and asserting its right to retain it for advancements made Taylor since the execution by it of the warehouse-receipt indorsed to Gregory & Stagg.
We find no case, or any authority holding that á party under such circumstances is not guilty of a conversion. It can not be said in this case, as was said in the case of Roach v. Turk, 9 Heiskell, “that if defendants had known of plaintiff’s title they would have yielded to it,” as in this case, when the claim of the plaintiff is asserted, his title is denied and a right of property asserted by the appellant.
Nor can we recognize the rule laid down in Roach v. Turk, that no adverse right or holding can exist without a knowledge of the existehce of the true owner or his claim. Whenever the party is iú possession claiming title or an interest in property, it is adverse to all the world except as to those under whom he claims, and this is the reason of th§ rule requiring, in an action of trover, such assertion of property or right to deprive the.true owner of its use, before a party can be guilty of a conversion. Such a right as is claimed to have been acquired by the appellant in this case, enables it, as it maintains, to assert its claim against all who assert title.
^ A simple removal of property without any other claim, has never been held to be a conversion, but a purchase of chattels from one who has no authority to sell, where there is a delivery of possession, and the purchaser claims under the sale, is a conversion; and so where he acquires a less interest in the property and asserts title or the right to dispose of it for his own benefit, it is a conversion. No part of this whisky was ever returned to the appellee. The retention of the possession by the appellant, and the execution of the warehouse-receipt to Taylor, did not restore the whisky to Baskett’s possession, at Frankfort, and its return or actual delivery to Baskett would have only lessened the damages. It is therefore immaterial on the facts of this case, whether the rule recognized by *667 the instruction “that a pledge of the whisky is itself a conversion on the part of the pledgee,” was or not proper. The pledge of the whole, and a sale of a portion of it for advancements, was a conversion of the whole, where no part of it has been returned or offered to be returned, and the right of the appellant was not prejudiced thereby. In this view of the case it is unnecessary to notice the special finding of the jury, to the effect that appellant knew, when it delivered the seventy-six barrels of whisky to Gregory & Stagg, of the claim on the part of the appellee. The question as to the authority given by Baskett to Taylor to pledge the whisky is one of fact, and need not be discussed.
The instruction given is erroneous, however, in fixing the criterion of damages. The value of the property at the date of the conversion is the true criterion, and the jury may, in their discretion, allow or refuse to allow interest. This has been the long-settled doctrine in this state, and particularly in cases of this character; and while the weight of authority from other states is in conflict with this rule, we have adhered to it too long to depart from it; and we think the facts of this case, as well as the practical importance of the rule, evidence the necessity of modifying the instruction given.
In regard to the change of venue, the same strictness has never been held with reference to the substance of the affidavits, as is required in regard to affidavits for attachments and to pleadings generally. The universal practice has been to leave the question with the judge below; and where the affidavits of the litigant and his witnesses show a belief that on his part a fair trial can not be obtained, it is sufficient. The facts and circumstances leading to this belief have never been required to be stated.
For the error indicated the judgment below is reversed, and cause remanded for further proceedings.