[No. 3250, Aug. 26, 1927]

STATE v. NABORS.

[259 Pac. 616]

### SYLLABUS BY THE COURT

1. Where the requirements of the statute, section 5573, Code 1915, have been met by an application for, a change of venue, the court has no discretion to deny the motion.

Watson, J., dissenting.

Appeal from District Court, Bernalillo County; Helmick, Judge.

William Nabors appeals. Reversed and remanded, with direction.

Thos. J. Mabry, of Albuquerque, for appellant.

Robert C. Dow, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT

PARKER, C. J. The only error assigned is the refusal of the court to grant appellant's motion for change of venue. The motion itself was purely formal, and was based upon the following affidavit containing the grounds of the motion and specific facts:

"Comes now William Nabors, who, being first duly sworn, upon his oath deposes and says: That he is the defendant in the above entitled and numbered cause; that he believes, and therefore makes oath and affirms, that he cannot obtain a fair trial in the county of Bernalillo wherein this cause is now pending, for the following reasons:

"(a) Because the inhabitants of such county (meaning Bernalillo county) are prejudiced against this defendant.

---

[1] 16CJ p. 216 n. 16.    [2] 16CJ p. 203 n. 55; p. 213 n. 82.

"(b)  Because, by reason of public excitement and local prejudice in such county (meaning Bernalillo county) in regard to the case and the questions involved therein, an impartial jury cannot be obtained in such county (meaning Bernalillo county) to try the same.

"(c)  That, immediately after the arrest of this defendant charged with the offense under which he is to be tried herein, a great deal of notoriety and publicity was given in all of the newspapers of said county, in both English and Spanish, touching upon the alleged crime for which this defendant is charged, and the said publicity has continued to be given down to and at the present time.

"(d)  That on or about the 12th day of March, 1927, considerable notoriety was given in all of the daily newspapers published in Bernalillo county, N. M., and in the weekly Spanish language newspapers, to an alleged abortive effort of this defendant to secure his freedom through an alleged prison breach and jail break, one of said newspapers at least employed a five-column headline to break the story to the public that this defendant, a dangerous character and held in jail without bond upon a most serious offense, was about to break prison and be and become at large upon the local community; whereas in truth and in fact no effort on the part of the defendant or any confederate was ever made for any such break, the said publicity in this connection having been the pure and simple invention of special officers of the Santa Fe Railway Company, which corporation is making itself vitally interested in the prosecution of this case, and said report and stories are all entirely and wholly without any foundation whatsoever; nevertheless and notwithstanding the same has inflamed passion and aroused the prejudice of a great and large number of people of Bernalillo county, which has made it impossible for defendant to obtain and secure a fair and impartial jury in Bernalillo county to try his said cause."

The supporting affidavit is as follows:

"Come now Al Mathieu and Edward Nunlist, who being first duly sworn, upon their oath, each for himself and not one for the other, depose and say: That he has read the above and foregoing motion and affidavit of defendant for change of venue in the above entitled and numbered cause, and that he believes the facts stated in said motion and also the foregoing facts stated and set out in the affidavit of defendant and all of said facts therein stated to be true, and that he believes that on account of and because of the facts stated in said affidavit of defendant, an impartial jury cannot be obtained in Bernalillo county, N. M., to try the defendant upon the within charge; and affiants say further under oath and each for himself and not one for the other that he is a disinterested person and has no interest in said cause of any kind or character, and that in fact he is not acquainted with and does

not know either the said defendant or his family or any of them."

The material part of the order denying the motion is as follows:

"And the defendant having produced two disinterested witnesses, Al Mathieu and Edward Nunlist, being the two supporting witnesses to the said motion for change of venue, and said witnesses having testified in support of and their testimony fully supporting said motion and affidavits, and there being no other evidence introduced, the court decides nevertheless that the granting of the motion is in the discretion of the court, and the court being fully advised, holds that the motion ought not to be granted, and holds that the granting of the motion is not mandatory upon the court."

In a stipulation relating to the inclusion of certain matters in the record, and signed by the district attorney and by counsel for appellant, and approved by the trial judge, appears the following recital:

"It being desired to review only the question of whether upon the prima facie showing made in motion and supporting affidavits herein, and this fully supported by the uncontradicted testimony of the supporting witnesses, change of venue is nevertheless discretionary."

The right was claimed and the motion was based upon Code 1915, § 5573, reading as follows:

"The venue in all civil and criminal cases shall be changed whenever the judge is interested in the result, or is related to, or has been counsel for either party, or when the party moving for a change shall file in the case an affidavit of himself, his agent or attorney, stating that he believes such party cannot obtain a fair trial in the county wherein the cause is then pending, either because the adverse party has an undue influence over the minds of the inhabitants of such county or the inhabitants of such county are prejudiced against such party, or because by reason of public excitement or local prejudice in such county in regard to the case or the questions involved therein, an impartial jury cannot be obtained in such county to try the same. Such affidavit must be supported by the oaths of two disinterested persons that they believe the facts therein stated are true." Laws 1889, c. 77, § 1.

[1, 2] The question is clearly defined by the above stipulation of the parties and assented to by the court. The stipulation and the finding of the court bring the case plainly within the terms of the statute. No ques-

tion is made that the statutory grounds have not been fully made out. The court took the position, however, that, notwithstanding the complete statutory showing, it had "discretion" to disregard the showing and to refuse the change of venue. The word "discretion" is an inappropriate word in this connection, although it has been frequently used in a general and loose manner in some of our former decisions. No discretion is confided to the district judge by the statute. When the showing is made, it becomes the duty of the court to grant the change. The so-called discretion of the court comes into play only in determining the existence of the grounds of the motion (that is, whether the requirements of the statute have been met), but is not discretion at all. It is a plain and ordinary judicial determination of a fact, the same as any other fact in a case. Hence we have held that the court may examine the witnesses offered in support of the grounds of the motion to ascertain who they are, whether they have knowledge of the conditions about which they have made affidavit, and whether they are fair, impartial, and trustworthy. This is proper and not contrary to the letter or spirit of the statute and is necessary to enable the court to judicially determine as to the existence of the statutory grounds. Further than this, our court has never gone. Where the court finds from such an examination, as it has found in this case, that the grounds for the change of venue have been established by competent compurgators, there is nothing left for the court but to grant the change. This court has never held otherwise, although, as heretofore pointed out, loose expressions about discretion of the court have sometimes been used. These expressions, no doubt, misled the court below.

It may be said that this conclusion renders the statute mandatory to the great detriment of the due administration of justice. The answer is plain. If it is deemed best to submit the question to the discretion of the district court, the remedy is to be had by legislative enactment, not by judicial construction.

It follows that the judgment of the court below is erroneous and should be reversed, and the case remanded, with direction to award a new trial, and it is so ordered.

BICKLEY, J., concurs.

WATSON, J. (dissenting). I do not concur with the majority as to the function of the trial court in passing upon motions for change of venue. I agree that "discretion" does not correctly describe it. I agree also that "it is a plain and ordinary judicial determination of a fact." But what fact? As I understand, the majority hold that the fact to be determined is merely whether two disinterested persons, having a general knowledge of conditions, do, in good faith, believe in the existence of one of the conditions set forth in the statute and entitling the moving party to the change. I find myself unable to yield the view that the fact to be determined is whether such condition exists. This I think results from correct interpretation of the statute and application of principles to which this court is committed.

In my opinion, the trial judge, in claiming a "discretion," merely employed the word in the loose sense which the majority criticize, and for which this court is responsible. It is a familiar principle that findings are to be liberally construed in support of the judgment or action taken. Certainly the trial judge did not intend to record that he arbitrarily denied a right to which appellant had shown himself entitled. He simply held that the specific facts alleged and proven were insufficient to support the conclusions of popular prejudice and of the impossibility of obtaining an impartial jury in Bernalillo county.

So I feel constrained to dissent.