24 P.(2d) 276

**SCHULTZ v. YOUNG et al.**

No. 3830.

· Supreme Court of New Mexico.

July 24, 1933.

G. L. Reese, Sr., and J. C. Gilbert, both of Roswell, for appellants.

L. O. Fullen, of Roswell, for appellee.

HUDSPETH, Justice.

This is an action in ejectment brought by appellee, administrator of the estate of William H. Taylor, deceased, for a tract of land in Roswell of which he claims that Taylor died seised. Appellants deny appellee's claim and, alleging that Mrs. Young is the owner of the premises. in question, seek, by cross-complaint, to have title quieted in her. From a verdict and judgment in favor of appellee, appellants prosecute this appeal.

The first point relied upon by appellants for reversal is that the trial court erred in overruling defendants' motion for a change of venue, and in forcing them to trial in Chavez county.

Section 147-105 of the New Mexico Statutes, 1929 Compilation, provides that: "The venue in all cases, both civil and criminal shall be changed, upon motion, to some county free from exception whenever the judge is interested in the result of such case, or is related to, or has been counsel for either

party or when the party moving for a change shall file in the case an affidavit of himself, his agent or attorney that he believes such party cannot obtain a fair trial in the county wherein the cause is then pending, either because the adverse party has undue influence over the minds of the inhabitants of such county, or the inhabitants of such county are prejudiced against such party, or because by reason of public excitement or local prejudice in such county in regard to the case or the questions involved therein, an impartial jury cannot be obtained in such county to try the same or for any other cause stated in such affidavit; Provided, that any party in either civil or criminal cases at issue that desires a change of venue from the county in which said case is pending shall file his application for a change of venue on or before the first day of any regular or special term of court. Provided further, that if the application for change of venue if filed in vacation, five days' notice of the time and place of presenting the motion must be given to the opposite party or his attorney."

Section 147-106 provides: "Upon the filing of a motion for change of venue, the court may require evidence in support thereof, and upon hearing thereon shall make findings and either grant or over-rule said motion."

Defendants' verified petition for a change of venue stated: "That defendants believe that they cannot obtain a fair trial in Chavez County wherein said cause is pending because the inhabitants of said County are prejudiced against the defendants; and that

by reason of local prejudice in said county in regard to the case and the questions involved therein, an impartial jury cannot be obtained in said county to try the same."

At the hearing on the motion appellants tendered proof of witnesses in support of the allegation of prejudice, but this tender was rejected and the motion denied, apparently on the grounds that the affidavit was insufficient to support a change and that the hearing of evidence on a motion for a change of venue was entirely within the discretion of the trial court.

Appellants contend that a petition and affidavit merely stating, in the language of the statute, that movants believe that they will not be able to secure a fair trial in the county wherein the cause is pending, on account of the prejudice of the inhabitants of such county, is sufficient; that it need not set out any of the facts or circumstances which give rise to the belief sworn to; that if a tender of proof of such prejudice and of the impossibility of securing a fair trial is made and rejected, the statements of the petition and affidavit become conclusive upon the court, and section 147-105 then makes it mandatory for the trial court to grant a change of venue.

We consider first the question of the sufficiency of the affidavit.

Although the authorities are not in entire harmony, there is considerable support for the view that, under statutes specifying prejudice as a ground for securing a change of venue, the movant need not set out in his

moving affidavit the facts and circumstances upon which the belief of prejudice is based. See Huffman v. State, 66 Ind. App. 105, 117 N. E. 874; Wheeler v. City of Indianapolis, 201 Ind. 415, 166 N. E. 433, 175 N. E. 15; Hay v. Reed, 93 Ind. App. 592, 178 N. E. 873; Preston Nat. Bank v. Wayne Circuit Judge, 142 Mich. 272, 105 N. W. 757; Taylor v. Gardiner, 11 R. I. 182; State v. Yager, 250 Mo. 388, 157 S. W. 557, 558; Hunt v. State, 27 Ohio Cir. Ct. R. 16; cf. Newcomb-Buchanan Co. v. Baskett, 14 Bush (Ky.) 658, 659.

In Taylor v. Gardiner, supra, the court said in answer to an objection raised to the form of a petition for a change of venue: "The petition alleges that 'by reason of local prejudice and the feeling entertained by the people of said county (i. e. Bristol County), he (i. e. the petitioner) cannot have a full, fair, and impartial trial in said county.' The objection is that the petition should set forth the particular facts going to show the existence of the prejudice or feeling complained of. We do not think the objection is valid. The fact that the petitioner cannot, by reason of local prejudice, have a fair trial in Bristol County, is the fact to be proved; and it is enough that the petition alleges the fact to be proved without stating in detail the evidence to be given or the particular facts to be shown in proof of it."

The reason for the rule dispensing with the necessity for particularity of statement in motions based upon prejudice is well stated in Hunt v. State, supra, as follows: "It may be possible to set forth specifically the facts constituting interest, or the facts constituting relationship, or some other facts, (perhaps most other facts) disqualifying a judge, but how can one state specifically the facts constituting bias or prejudice? Bias or prejudice is a state of mind like love, anger or fear. It is not only an ultimate fact, but it is a primary, elementary and initial fact. It will be observed that the rule does not require that the affidavit shall state wherein or in what respect the judge is prejudiced, nor that the affidavit shall state the evidences or manifestations of such prejudice, or the causes, or the supposed causes thereof, but that the constituent facts of the state of mind called 'bias' or 'prejudice' shall be stated."

■ Appellee, arguing the insufficiency of the affidavit filed in the case at bar, cites Lady Franklin Mining Co. v. Delaney, 4 N. M. 39, 12 P. 628. The statute construed in that case made provision for a change of venue "in any case in which it shall appear that either party cannot have justice done him at a trial in the county in which such case is then pending" (Comp. Laws 1884, § 1833). The territorial court held that a moving affidavit which did not set out facts sustaining affiant's stated belief that he could not have a fair trial within the county was insufficient. Although the reasoning in that case is eminently sound, we do not believe that it can be applied here. Under the practice at the time of that case, the affidavit performed the twofold function of instituting the proceeding for a change of venue and of establishing the right to a change of venue. Under the statutes applicable to the case at bar, how-

ever, provision is made for establishing the existence of the right by other means. For this reason, therefore, and in view of the difficulty of alleging prejudice in other than a very general manner, we hold that a petitioning affidavit merely stating, in the language of the statute, that the movant believes that a fair trial cannot be had in the county wherein the case is then pending, on account of local prejudice, is sufficient to entitle a party so moving to require the court to determine whether or not such ultimate fact alleged is true.

This leads us to a consideration of whether the trial court can deny a motion for a change of venue based upon a sufficient affidavit of prejudice without hearing evidence in support thereof.

Appellee argues that the word "may," in section 147-106, indicates that the hearing of evidence is permissive and not mandatory. The contention is that section 147-106 gives the trial judge power to require evidence in support of the believed facts alleged in the moving papers, but that it imposes no duty upon him to exercise this power, and that he may either grant or deny a motion without hearing evidence if, in his opinion, evidence is not necessary for a determination.

The venue statutes which sections 147-105 and 147-106 of the 1929 Compilation superseded required that an affidavit of a party moving for a change of venue be supported by those of two disinterested persons "that they believe the facts therein stated are true" (Code 1915, § 5573). By a series of decisions involving changes of venue sought under that statute it became settled that the trial judge might require the movant to produce the supporting witnesses to the movant's affidavit that he could not have a fair trial in the county, and that he might examine them as to their interest and knowledge. Territory v. Gonzales, 11 N. M. 301, 68 P. 925; Territory v. Emilio, 14 N. M. 147, 89 P. 239; Territory v. Cheney, 16 N. M. 476, 120 P. 335; State v. Ancheta, 20 N. M. 19, 145 P. 1086; State v. Buck, 33 N. M. 334, 266 P. 917. State v. Nabors, 32 N. M. 453, 259 P. 616, 617, indicated that if, upon examination, the trial judge found the compurgators to be disinterested, trustworthy, and possessed of knowledge of the conditions about which they made affidavit, he was without discretion to deny the motion. In other words, if affidavits of compurgators found to be competent were filed, the movant was deemed to have established his right to a change. In commenting upon the effect of the conclusion, the late Mr. Justice Parker, who delivered the opinion of the court in the Nabors Case, said: "It may be said that this conclusion renders the statute mandatory to the great detriment of the due administration of justice. The answer is plain. If it is deemed best to submit the question to the discretion of the district court, the remedy is to be had by legislative enactment, not by judicial construction."

The next Legislature which met after the decision in the Nabors Case changed the method of procedure to be followed on motions for changes of venue. The new stat-

utes, sections 147-105 and 147-106, dispensed with the requirement that supporting affidavits of compurgators be filed, and gave the trial judge the power to require evidence in support of the motion. We are of the opinion that these changes were intended by the Legislature to enlarge the field of the trial court's discretion in ruling on motions for changes of venue, and to make the trial judge, rather than disinterested compurgators, the ultimate judge as to whether, in any given instance, grounds for a change existed.

We are not convinced, however, that the trial court's discretion is as broad, under the new statutory provisions, as appellee claims it to be. It will be noted that section 147-106 requires that, if the trial judge hears evidence, he shall make findings before granting or denying the motion. This requirement clearly contemplates the making of a record of the proceedings, upon which record, presumably, a movant may obtain a review of the trial court's ruling. Did the Legislature, in using the phrase, "*may* require evidence in support thereof," intend to give the trial judge a power, in his discretion, to prevent the making of such a record, and, in effect, to deprive this court, on review, of any basis for determining whether or not the ruling of the trial court on the motion for a change of venue involved an abuse of discretion? Such would be the practical effect of upholding appellee's contention. Whether the trial judge may grant a motion for a change of venue on his own knowledge of local conditions is not a question before us; to hold that he may deny a motion on such knowledge, and without giving a movant an opportunity to present evidence on the question, would be to nullify the significance of the "shall" contained in section 147-105.

■ For the reasons indicated, we are of the opinion that the ruling of the trial court, in denying appellants' motion for a change of venue on the ground of the impossibility of securing a fair trial on account of local prejudice, without hearing appellants' tendered proof in support of the allegations of the moving affidavit, and without making findings thereon, was erroneous. Such error requires a reversal of the judgment.

Our decision on this question makes unnecessary the consideration of some of the other points made by appellants. We shall consider here only those questions raised which are likely to again arise on a second trial of the case.

The main issue of fact raised by the pleadings was whether a paper, in form a deed, signed and acknowledged by decedent, found in his safety deposit box by appellee, was delivered to appellant Mrs. Young, the grantee named therein.

■ Appellants do not question the correctness of the instructions given by the trial court on the issue of delivery, but allege error in the refusal of the trial court to give certain instructions requested by appellants on this issue. We are of the opinion that the instructions given by the trial court embraced everything included in appellants' requested

instructions. They were therefore properly refused, even though they may have embodied a correct statement of the law. Pearce v. Strickler, 9 N. M. 467, 54 P. 748; Cunningham .v. Springer, 13 N. M. 259, 82 P. 232; Territory v. Pierce, 16 N. M. 10, 113 P. 591; Diamond X Land & Cattle Co. v. Director General of Railroads, 27 N. M. 675, 205 P. 267; State v. Bailey, 27 N. M. 145, 198 P. 529.

Appellants next allege error in the admission into evidence of certain declarations by the deceased Taylor as to the ownership of the property after the execution of the deed to Mrs. Young.

In proof of delivery, Mrs. Young testified that Taylor handed her the deed on the date of its execution, June 29, 1931, that she accepted it, kept it in her possession for a week or so, and that she then gave it to Taylor to put in a safety deposit box for safe-keeping. She further testified that, although the safety deposit box had been rented in the name of Taylor, the keys to it were kept in her possession and that she controlled access to the box. Witnesses for defendants testified to having seen the deed, which was not recorded, in Mrs. Young's possession, and to having heard Taylor say, in July and August of 1931, that he had conveyed the property to Mrs. Young and no longer had any interest in it. The Youngs testified that the property in question had originally been bought with the profits of a venture financed by Young, that they had from time to time advanced to Taylor large sums of money to pay taxes on the premises and to pay for improvements on the property, that Taylor was heavily indebted to them at the time he executed the deed to Mrs. Young, and that he had deeded the property to her in payment of such indebtedness. Numerous canceled checks made out to Taylor and signed by Mrs. Young were introduced into evidence in proof of this testimony. However, there was nothing on the face of these checks to indicate what they had been given for. The dates of the checks, the amounts thereof, and numerous other facts appearing in the record make other explanations for the giving of the checks not unreasonable. In rebuttal of the defendants' evidence, appellee proved that subsequent to the alleged delivery of the deed, Mrs. Young stated to numerous witnesses, real estate brokers and others interested in making a trade of the property, that she and her husband had no interest in it, and were mere lessees. Appellee further proved that, at a coroner's inquest held on September 6, 1931, after the killing of Taylor, Mrs. Young made statements to the jury to the effect that she was a mere lessee. We quote from the testimony of L. L. Lane, a member of the coroner's jury whose testimony was corroborated by that of several other of the jurymen: "Q. I will ask you to state to the jury, according to your best recollection and judgment, just what Mrs. Young said in the course of her testimony, with reference to the ownership of this camp ground out here and what interest, if any, or what character of title they were in possession of that camp ground. A. Well, with regard to

the Harrall and Taylor trouble, it seems that Taylor asked her not to allow Harrall to come on the place and she said 'this is a public place and we cannot say who shall or who cannot come in', and that Taylor said 'this is my property and I have a right to say who comes around', and she said 'yes, but we have a lease, and it is in our possession and you cannot say who shall not come and who shall come.' "

To indicate that Taylor had never intended to part with title, appellee introduced several witnesses who testified to statements made by Taylor subsequent to the execution of the deed of June 29th, to the effect that he was the owner of the property and the Youngs merely lessees, and to conduct on his part indicating that he still considered himself to be the owner. The testimony was admitted over the objection of the defendants, and its admission is alleged to have been erroneous.

Appellants invoke the rule that declarations, acts, and conduct of a grantor after he has parted with title, and in disparagement of it, are inadmissible against those claiming under him. The contention is based upon the assumption that delivery was unequivocally proven by defendants. Appellants refer us to the case of Weeks v. Bailey, 33 N. M. 193, 263 P. 29, as authority for their proposition that the facts in the case at bar show a delivery. In the Weeks Case we held that the finding of a deed in the possession of the grantee gave rise to a presumption of delivery. We find nothing in that case, however, which would impel us to hold that the testimony of the defendants' witnesses, whose credibility was for the jury, constituted such showing of possession of the deed by the grantee as to give rise to a presumption of delivery and passage of title.

In the absence of a conclusive showing of delivery, we are of the opinion that the rule invoked by appellants has no application to the case at bar, and that the testimony objected to was admissible under the rule that, "when the issue is whether the alleged grantor has divested himself of title, his declarations and acts after the signing of an instrument, in form a deed to the property in dispute, are admissible on the question of delivery." 5 Nichols' Applied Evidence, 4440; see also, Williams v. Kidd, 170 Cal. 631, 151 P. 1, 8, Ann. Cas. 1916E, 703; Donahue v. Sweeney, 171 Cal. 388, 153 P. 708; Saltzsieder v. Saltzsieder, 219 N. Y. 523, 114 N. E. 856; O'Brien v. O'Brien, 19 N. D. 713, 125 N. W. 307; McClintick v. Ellis, 87 Okl. 75, 209 P. 403; Mower v. Mower, 64 Utah, 260, 228 P. 911, 914, commented on in 25 Columbia Law Rev. 373.

The necessity for the rule in cases where, as here, the grantor is deceased, is pointed out in Williams v. Kidd, supra, as follows: "Of course, it is true that after such delivery no acts or declarations of the grantor in derogation of his grant will be received. But where the vital question is whether or not he did deliver the instrument, and where, as always in such cases, his lips are sealed by death, and the opposing testimony of the

grantee or depositary, honest or fraudulent, cannot be contradicted by him, it is but an invitation to fraud and perjury and to their success to refuse admission to such evidence."

The facts in the case of Mower v. Mower, supra, closely paralleled in several respects the facts in the case at bar. In the Mower Case a deed had been found in the safety deposit box of plaintiff's intestate, and the question was whether the deed had been delivered to the grantee-defendant. Witnesses for the grantee testified to having seen the deed in the possession of the defendant after the date of its execution, and to having heard discussions between the grantee and the deceased grantor as to the advisability of the deceased taking the deed to the bank for safe-keeping for the grantee. Plaintiff, administrator of the estate of the deceased, offered proof of statements made by the grantor after the execution of the deed tending to show nondelivery, and also offered to prove that the grantor had stated in an application for a grazing permit that the land in question belonged to him. In upholding plaintiff's contention that the trial court erred in excluding the proffered evidence, the court, in a very well reasoned opinion, said: "It would seem that on principle to say that these statements are self-serving and inadmissible after the delivery of the deed is really begging the question. It may be conceded that they are inadmissible *after the delivery of the deed*, but the real issue here is, Were the deeds ever legally delivered?

If we assume the declarations are not admissible because the deeds have been delivered, then we are settling the issue of delivery without evidence or trial. The mere assertion of delivery does not prove it, and can it be fairly said that the burden is upon the defendant to prove delivery, and yet, for the *purpose of settling the rules of evidence in* the case, we will presume that there was a delivery? Since delivery is essentially a matter of intent, which intent is to be arrived at from all the facts and surrounding circumstances, we believe the better rule is to include in those facts and circumstances declarations of the grantor both before and after the date of the deed, at least where it appears that the declarations are made fairly and in the ordinary course of life, and not in apparent anticipation of controversy or litigation with reference to the matter discussed, and in the absence of any evidence of bad faith, fraud, or misrepresentation."

We are of the opinion that the same reasoning is applicable to the facts of the case at bar, and that the trial court committed no error in admitting the testimony objected to by appellants.

The judgment appealed from will be reversed, and a new trial granted. The case is remanded, with directions to proceed in accordance with the views expressed in this opinion. *It is so ordered.*

WATSON, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.