Dailey v. Foster, 17 N. M. 654.

[No. 1474, May 6, 1913.]

J. G. DAILEY, et al., Plaintiffs in Error, v. NATHANIEL C. FOSTER, Defendant in Error.

SYLLABUS (BY THE COURT).

1. Where property is purchased and the stock of a corporation is issued in payment therefor, under section 55, chapter 79, S. L. 1905, and a question arises as to whether the stock so issued is fully paid, and the court is called upon to determine the value of the property taken in exchange for such stock, and the bona fides of the transaction, the true criterion is the "actual cash value" of the property, and the honest judgment of the directors thereon.

2. The "actual cash value" of property is the price which it will bring in a fair market, after fair and reasonable efforts have been made to find a purchaser who will give the highest price.

3. Where the burden of proof is on the plaintiff, and judgment is entered for the defendant, the presumption is that the court found all the material issues in favor of the defendant.

4. Findings of fact cannot be aided by inference or intendment, and silence upon a material point must be regarded as a finding against the party having the burden.

5. A party who does not request the court to find upon a particular issue and who makes no objection, at the time, to the failure of the court to find thereon, waives thereby all objection to the deficiency of the findings in that respect.

Appeal from, and error to District Court, Bernalillo County.

MARRON & WOOD, for Appellants.

Dailey v. Foster, 17 N. M. 654.

Stockholders in a corporation formed under sec. 23 of the Corporation Act are liable to creditors until the capital certified by their officers as that with which they commenced business is fully paid in money or money's worth. Chap. 79, laws of 1905; id. secs. 22, 23, 27.

Intentional over-valuation of property by directors is actual fraud. Secs. 54, 57 and 96, chap. 79, laws of 1905; Sacramento v. Lee, 113 Pac. 834; Wetherbee v. Baker, 35 N. J. Eq. 501; Sawyer v. Hague, 17 Wall. 610; Easton Natl. Bank v. American Brick & Tile Co., 60 Atl. 54; See v. Heppenheimer, et al, 61 Atl. 843; N. T. Co. v. Gilfillan, 124 N. Y. 302; Camden v. Stuart, 144 U. S. 104; Kelly v. Fourth of July M. Co., 53 Pac. 959; Douglass v. Ireland, 73 N. Y. 100.

Valuation of property contemplated by statute means its present actual value and not its possible prospective value. Booth v. Land Filling & Imp. Co., 59 Atl. 767; Coombs v. Baker, 79 Pac. 1; Morawetz on Private Corporations, secs. 517 and 545; Dickerman v. Northern Trust Co., 176 U. S. 181; Brewster v. Hatch, 122 N. Y. 349; Munson v. S. G. & C. R. R. Co., 103 N. Y. 74; 23 Cyc. 236.

Contract made by Fitzgerald as general manager of the Torpedo Copper Co. with the plaintiffs was valid and binding. Patterson v. Robinson, 116 N. Y. 193; Hastings v. B. L. Ins. Co., 138 N. Y. 479; W. H. & I. Co. v. Bank, 9 N. M. 8; Indianapolis, etc. Co. v. St. Louis, etc. Co., 120 U. S. 256; 22 A. & E. Enc. 1280, 1257, 1258.

The court erred in refusing to reopen the case. 1 Thompson on Trials, sec. 348; 38 Cyc. 1361; Meyer v. Cullen, 54 N. Y. 397; St. L. A. & T. Ry. Co. v. Fire Assn., 18 S. W. 43; Glenn v. Stewart, 67 S. W. 237; Meachem v. Moore, 59 Miss. 561; Smith v. Ins. Co., 58 Ia. 487; Owen v. O'Reilly, 20 Mo. 603.

WADE & WADE, for Appellee.

Where the contract contains no stipulation as to the period to which the rate agreed upon shall apply, it is construed so as to make the interest computable per annum. 22 Cyc. 1491; 10 Cyc. 352.

Managing agent of a corporation has no implied power

to borrow money.     Bank of Commerce v. Baird Mining Co., 13 N. M. 424.

The judgment of the board of directors as to the value of the property is conclusive, in absence of actual fraud. Sec. 55, chap. 79, laws of 1905; Medler v. Albuquerque Hotel and Opera House Co., 6 N. M. 333; Speer v. Bordeleau, 79 Colo. 332; Buck v. Jones, 18 Colo. App. 250; Pomeroy Eq. Jur. vol. 6, sec. 906; Macbeth v. Banfield, 78 Ore. 693; Re South Mountain, etc., M. Co., 7 Sawy. 30; 8 Sawy. 366; Cout v. North Carolina Gold Amal. Co., et al., 119 U. S. 347; Boynton v. Hatch, 47 N. Y. 225; Van Cott v. Van Brunt, 82 N. Y. 535; Carr v. LeFavre, 27 Pa. 413; Donald et al. v. Am. Smelt. & Ref. Co. et al., 48 Atl. 786; Taylor v. Cummings, 127 F. 108; McBride v. Farrington, 131 F. 797; Macbeth v. Banfield, 78 Pac. 693; 42 L. R. A. 593, note; Ross v. Silver & Copper Island Min. Co. 29 N. W. 591; Phelan v. Hazard, No. 11,068 Fed. Cas.; Peck v. Coalfield Coal Co., 11 Ill. App. 88; Young v. Erie Iron Co., 31 N. W. 814; Schenck v. Andrews, 57 N. Y. 133; Am. Tube & Iron Co. v. Haynes, 30 Atl. 936; Bickley v. Schlag, 20 Atl. 250; Turner v. Bailey, 42 Pac. 115.

When stockholders not liable.    Secs. 23, 27 and 28, chap. 79, laws of 1905.

## OPINION OF THE COURT.

ROBERTS, C. J.—The plaintiffs in the court below, here seek to review the judgment of the Second Judicial District Court of the Territory of New Mexico, dismissing the complaint upon the merits.    The action was brought against the defendant, as a stockholder in the Torpedo Copper Co., to recover a debt owing to the plaintiffs by the corporation, upon the ground that the corporation being insolvent, and the defendant not having paid for his stock, was under the statute liable to creditors of the corporation to the extent of the amount unpaid.    The corporation was organized under the provisions of Chapter 79, S. L. 1905, and thereafter the appellee, and others, transferred to the corporation certain property and contracts in exchange for all the capital stock of the corporation, of the par value of $2,000,000. The complaint alleged that the property, so transferred to the corporation in

exchange for said stock, did not represent a value of more than $100,000, and that such fact was known to said appellee and the other parties at the time of the transfer; said parties all being directors of the company at said time; that said directors and said Foster, at said time, "believed and well knew that the value of the interest so conveyed was not worth the sum of $2,000,000, and the said directors did not then and there honestly believe that the fair and reasonable value of the interests so conveyed exceeded a tenth part of the sum of $2,000,-000." Appellee answered the complaint, setting up various defenses, only one of which need be here referred to, viz: That said property was worth the said sum of $2,000,-000, or at least the directors honestly so believed. It will thus be seen that a material issue in the case was the value of the property transferred, and the knowledge of the directors as to such value. Evidence was introduced by both parties, and different estimates were placed upon the value of the property at the time of the transfer. No request was made of the court to make specific findings of fact and state conclusions of law, but it appears that the court did so. Thereafter judgment was entered in favor of the defendant, dismissing the complaint on the merits.

The 18th, 19th, 20th and 31st findings were as follows:

"XVIII. That for the purpose of immediate sale the fair and reasonable value of the interest in the aforesaid contract including all property transferred by Fitzgerald, Foster and Helmer to the corporation, in exchange for its stock was not in excess of five hundred thousand ($500,-000.00) dollars."

"XIX. That the said Fitzgerald, Foster and Helmer did not believe at the time they accepted said property and authorized the issuance of stock therefor, that the same was worth the sum of two million dollars for the purpose of such immediate sale under the then existing conditions and circumstances."

"XX. That the said Fitzgerald, Foster and Helmer knew that the value of said property to said corporation under the then existing circumstances and conditions, for

the purpose of immediate sale, was not in excess of five hundred thousand ($500,000.00) dollars over and above the debts and obligations assumed by the corporation in accepting the transfer thereof."

"XXXI. That the said directors of the Torpedo Copper Company did believe that under proper management, the said property was prospectively worth two million of dollars or more at the time they transferred it to the said corporation."

The record recites the following: "In addition to the facts as found by the court, the plaintiffs duly requested the court to make the following findings, to-wit: 'This recital is followed by three proposed findings, designated A, B and C, the last of which, being the only one necessary to consider, or involved in the proposition now under consideration, reads as follows:

"That the value of the interest in the contract and property transferred by Fitzgerald, Foster and Helmer to the corporation in exchange for its stock was not to exceed five hundred thousand dollars ($500,000), and they knew that fact at the time it was so transferred, and they did not then believe the property to be worth two million dollars ($2,000,000)."

The record, relative to said requested findings, recites, "All of which were refused by the court, except as covered by the findings made, to all of which the plaintiffs duly excepted." The record further recites:

"The plaintiffs also duly excepted to the thirty-first finding of fact upon the ground that the same is immaterial and does not find any belief on the part of the directors of the corporation in any present value of the property, as contemplated by the statute, and as being not sustained by the evidence."

If the property in question was of the value of $2,000,-000, or was honestly and in good faith, determined by the directors to be of such value, there would be no liability of the stockholders, because their stock would be fully paid stock, under any possible construction of the various provisions of the statute under which the corporation was formed. It was therefore vital to plaintiff's right to re-

cover to establish the value of the property at the time of the transfer, and the knowledge of the directors thereof, for as said by Vice Chancellor Pitney, in the case of See v. Heepenheimer, 61 Atl. 843, where he was construing a provision of the New Jersey Corporation act, identical in language with sec. 55 supra, of our corporation act, and from which our act was taken:

"The capital stock of all corporations should at the start represent the same value, whether paid for in property or money. That result can only be obtained by supposing that the property is to be appraised at its actual cash value, precisely as if a board of directors, with the whole capital stock actually paid in cash, is dealing at actual arm's length as real purchasers with the owners of property proposed to be purchased as real vendor, without any interest in the directors to over value the property, or other interests inconsistent with the real interest of the stockholders as such."

Therefore it was necessary for the court to determine the actual cash value of the property transferred, as known to the directors at the time of the transfer. Had the court been requested to find such value, as known to the directors, and had refused, and plaintiffs had excepted to such refusal, we could not do otherwise than reverse the case, for clearly the court would have committed error of which appellants could here complain. No such request, however, was made to the court. A request was made for a specific finding, that the value of the property did not exceed $500,000, and that the directors knew that fact at the time of the transfer. The evidence was conflicting, and the court may have been of the opinion that the value of the property was shown and known to be above or below the named amount. Appellants should have requested a finding as to the value of the property, without specifying in such finding the amount. In that event the court would have been required to fix the amount. The appellants interposed an exception to the failure of the court to make the above finding, but in view of the fact that the evidence was conflicting, and we cannot say that it justified a finding in the particular requested, we cannot say the court erred in refusing it.

It is clear that the findings made by the court hereinbefore set out, did not find any fact material to the case. The true criterion was not the value of the property for the purpose of immediate sale, nor its prospective value, as found in the 31st finding, but rather its actual cash value. See v. Heppenheimer, supra. The "actual cash value" of property is the price which it will bring in a fair market, after fair and reasonable efforts have been made to find a purchaser who will give the highest price. Words & Phrases, p. 152. It is manifest, therefore, that the court failed to specifically find, upon one of the material issues in the case. Judgment, however, was entered for the defendant, and as the plaintiff had the burden of proof, the presumption is that the court found this issue in favor of the defendant.

"We cannot aid the finding by inference or intendment, and must regard silence upon a material point as a finding against the party having the burden."

Cliffinberry v. McClellan, 164 Ind. 131.

See also The Parks County Coal Co. v. The Terre Haute Paper Co., 129 Ind. 73; Graham v. Board of Commissioners, 66 Ind. 387; Vannoy v. Duprez, 72 Ind. 26; Dutertre v. Shallenberger, 21 Nev. 507; Stotts City Bank v. Miller Lumber Company, 102 Mo. App. 75; Farrel v. Bouck, 61 Neb. 874.

If the plaintiffs desired that the court should find specially upon the question of the value of the property transferred to the corporation, and the knowledge of the directors in that regard, he should have directed the court's attention thereto by a specific request for such finding, or, by proper objection and exception called to the attention of the court, its failure to find upon such issue.

Barry v. Schmidt, 57 Wis. 172.

Plaintiffs interposed no objection to the 18th, 19th or 20th findings, and did not, in any manner call to the attention of the court that such findings were not within the issues. It is true they did object and except to the 31st finding on the ground that such finding was immaterial; but a finding upon an immaterial issue is not

ground for reversal, unless ia is clearly apparent that. judgment was based thereon and that such judgment is erroneous. If the findings of fact are not sufficiently specific, the lower court should have been moved to make them so, otherwise the objection is waived.

Hewitt v. Blumenkranz, 33 Minn. 417.

As stated, the plaintiffs should have requested the court to find the actual value of the property as known to the directors, and upon failure so to find, plaintiffs should have excepted, and the exception should have specifically stated the ground of error, and having failed so to do, plaintiffs cannot resort to such omission on the part of the court, to reverse the judgment.

Hunter v. M. R. Co. et al., 141 N. Y. 281.

The judgment of the lower court is affirmed, and it is so ordered.