248 P.2d 679

STATE v. FERNANDEZ.

No. 5491.

Supreme Court of New Mexico.

Sept. 22, 1952.

Edward J. Apodaca, Albuquerque, for appellant.

Joe L. Martinez, Atty. Gen., James B. Cooney, Asst. Atty. Gen., W. F. Kitts, Asst. Atty. Gen., for appellee.

COMPTON, Justice.

Appellant appeals from sentence imposed by the district court of Sandoval County following conviction before a jury of having murdered one Clemente Salazar. Error is predicated upon the refusal of the court (a) to grant a change of venue, (b) to grant a continuance, (c) to declare a mistrial, and (d) prejudicial comments of the trial court during the trial. We will discuss the questions in that order.

From first to last the three Judges of the Second Judicial District participated in the case. Appellant was arraigned before Edwin L. Swope, Judge of Division 3, sitting as committing magistrate, entered a plea of not guilty and requested a preliminary hearing which was granted. At the conclusion of the hearing, probable cause was found and he was held for trial at the ensuing term of court.

Subsequently, appellant moved for a change of venue claiming that he could not receive a fair trial due to public excitement and local prejudice existing against him in Sandoval County. The motion was heard by R. F. Deacon Arledge, Judge of Division 2, after which it was denied without findings, and none were requested.

Our first consideration is whether denying the motion is a question open to review.

The applicable venue statutes read:

"Change of venue in civil and criminal cases—Grounds—Affidavits—Notice.—The venue in all cases, both civil and criminal shall be changed, upon motion, to some county free from exception whenever the judge is interested in the result of such case, or is related to, or has been counsel for either party or when the party moving for a change shall file in the case an affidavit of himself, his agent or attorney that he believes such party can not obtain a fair trial in the county wherein the cause is then pending, either be-

cause the adverse party has undue influence over the minds of the inhabitants of such county, or the inhabitants of such county are prejudiced against such party, or because by reason of public excitement or local prejudice in such county in regard to the case or the questions involved therein, an impartial jury can not be obtained in such county to try the same or for any other cause stated in such affidavit; Provided that any party in either civil or criminal cases at issue that desires a change of venue from the county in which said case is pending shall file his application for a change of venue on or before the first day of any regular or special term of court. Provided further, that if the application for change of venue is filed in vacation, five (5) days' notice of the time and place of presenting the motion must be given to the opposite party or his attorney." Section 19–503, 1941 Compilation.

"Evidence in support of application—Findings—Decision.—Upon the filing of a motion for change of venue, the court may require evidence in support thereof, and upon hearing thereon *shall make findings* and either grant or overrule said motion." Section 19–504, 1941 Compilation. (Emphasis ours.)

It is obvious when a requisite motion is made, the venue must be changed or in the alternative, the court may require evidence in its support. It is equally clear that if a hearing is had thereon it is the duty of the court *to determine the question by its findings*. And it is well established that findings thus made will not be disturbed upon review unless it shall appear from the evidence that the trial court acted unfairly and committed palpable abuse of discretion. State v. Alaniz, 55 N.M. 312, 232 P.2d 982. But this does not mean that a party may not either expressly or by conduct waive specific findings. The language of L.1887, Ch. 64, Par. 1, no less mandatory in tone or character than the venue statute, provides that in all cases tried to the court without a jury, the court "shall find the facts" but the decisions are so numerous that the rule became axiomatic that a party could not take advantage of the court's failure in this regard unless he requests specific findings. We cite a few cases so holding: Radcliffe v. Chavez, 15 N.M. 258, 110 P. 699; Dailey v. Foster, 17 N.M. 654, 134 P. 206; Springer Ditch Co. v. Wright, 31 N.M. 457, 247 P. 270. Since these decisions, however, subsection 6 of the rule has been added, Section 19–101 (52) (B) (6) 1941 Comp., which specifically provides that a party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions. Indeed, the addition of subsection 6 as a part of the rule was but a

recognition by us of what has become established law by such decisions. Therefore, we come to the conclusion that appellant has not preserved for review here error in the trial court's failure to make specific findings which he was not moved to request.

The case came on for hearing before Waldo Rogers, Judge of Division 1. Previously, appellant invoked the provision of Chapter 66, Laws of 1937, appearing as Section 42–1215, 1941 Comp. (uniform act to secure the attendance of out-of-state witnesses), to summon one Pete Gabaldon then in California. At a hearing upon the motion appellant testified that the presence of Gabaldon was necessary to his defense but at no time did he disclose what the witness would testify to if he were present. In response to the question, "are there any other reasons why you think Pete Gabaldon's testimony is necessary to present your defense," appellant answered, "just for the reason that I have known Pete for quite a while since we were kids, and I know he is about the only one who would know what was going on that night, and I think he would help me. If he testified to what he knew in court, it would be to my advantage to give me a fair trial." Clearly this statement was pure speculation. Nevertheless, the motion was granted and transportation and expense money were furnished, Judge Rogers personally writing a letter to the witness requesting his attendance at the trial. On the morning of the trial a telegram was received by the court from an attorney in California stating that because of certain criminal proceedings then pending against Gabaldon in California, he could not leave that jurisdiction; whereupon appellant orally moved for a continuance *until such time as the witness could be produced.* The refusal of this motion is assigned as error.

■ Section 19–810, 1941 Comp., dealing with continuances based on the absence of witnesses or evidence provides, inter alia, that motions for continuances must be founded on the affidavit of the party, their agent or attorney and must state particular facts, as distinguished from legal conclusions, which affiant believes the witness will prove and that the affiant believes them to be true. But appellant would excuse non-compliance, relying on the provision of Sec. 19–807, 1941 Comp. He claimed that the court knew the facts since he had held a hearing previously on the motion to summon the out-of-state witness. This position is illogical; appellant made no showing whatever at the hearing on the motion to summon Gabaldon, that his testimony would be material. His testimony that Gabaldon, if present, would help him is mere conclusion.

■■ The statute further provides that a party must use due diligence in requiring the attendance of witnesses. Moreover, a

motion for a continuance must state the facts constituting due diligence. Noticeably, the information was filed some seven months before the case was called for trial; no action was taken to require the presence of the witness until some ten days before the trial; no subpoena was issued for the witness and it appears that his presence at some future time was extremely doubtful. Clearly, in this case appellant failed to show that diligence which the discretion of the court would be entitled to require. We have frequently held that the granting or refusing of a continuance is addressed to the sound discretion of the court and its action will not be disturbed upon review unless there appears manifest abuse of discretion, State v. Gallegos, 46 N.M. 387, 129 P.2d 634, and none is shown.

When the State rested, appellant moved for a mistrial on the ground that his witnesses had been intimidated by threats and that they had been illegally searched by the officers attending upon the court. The trial court disposed of the motion in the following language:

"The Court: The Court will dispose of the mistrial motion without argument. So far as the newspaper reports are concerned, I see no wharping of testimony. They are fair records of the proceedings; and, there is no evidence of the jury having read them. I particularly cautioned them as to the

unreliability of newspapers, as a whole, sometime before we closed. Any noise in the court room was and has been very minor, and I believe the Court has stopped the noise as quickly as possible, and if there was any hissing the Court did not hear it. The spirit in this court room has not violated the rights of this defendant. Any testimony as to the spirit in the community was brought out by the questions of defense counsel, and I see no grounds for a mistrial. If the witnesses for the defense have been intimidated by threats or searches it will be brought out on their testimony, and I will be glad to assure them of their safety while in Sandoval County, and will so assure their safety."

Subsequently the motion was renewed and the record discloses the following:

"Mr. Morton: We would like to renew our motion for mistrial and also tender proof of the search and seizure of the witnesses in the witness room.

"The Court: No such search and seizure was authorized by the Court or District Attorney's office. All of the defense witnesses appeared as called and from their demeanor appeared frank, forthwith, courageous and unintimidated and calm. I see no grounds which would justify a mistrial. The Court exerted the usual effort to insure tranquility of the proceedings."

It is obvious that no tender was made in the absence of which there is nothing to review. Nevertheless, there appear in the record affidavits of the witnesses alleged to have been thus intimidated, same being filed some thirty days after sentence and the order allowing the appeal had been entered and cannot, therefore, be considered here.

The final point argued is that the trial court committed prejudicial error resulting from various comments made during the examination of appellant and his witnesses, which form the basis of a motion for a new trial. This claimed error apparently went unnoticed at the time as we have examined the record and it is silent as to objections or exceptions to such remarks. It is well established that only such assignments of error as were called to the attention of the trial court may be reviewed here, jurisdictional and fundamental questions excepted. State v. Sena, 54 N.M. 213, 219 P.2d 287; State v. Lopez, 46 N.M. 463, 131 P.2d 273; State v. Parker, 34 N.M. 486, 285 P. 490; State v. Wooten, 28 N.M. 398, 213 P. 1027; Territory v. McGrath, 16 N.M. 202, 114 P. 364; Territory v. Taylor, 11 N.M. 588, 71 P. 489.

Other claimed error is resolved by the conclusion reached. The judgment will be affirmed, and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COORS, JJ., concur.