37439. YANCEY v. THE STATE.

DECIDED JANUARY 12, 1959.

800

*Robert L. Mitchell, Harris Bullock,* for plaintiff in error.

*Robert J. Noland, Solicitor-General, James I. Parker, Assistant Solicitor-General, E. B. Brown, Harold L. Murphy,* contra.

GARDNER, Presiding Judge. Since the State neither filed an answer to the petition for change of venue nor introduced any evidence, this case resolves itself into a question of law, there being no conflicting facts upon which the discretion of the trial court might operate, and the only issue is whether the defendant's case as presented brings him within the statutory provisions for change of venue. In 22 C.J.S. 300, Criminal Law, § 187, it is stated: "Subject to constitutional restrictions, the right to a change of venue in criminal cases and the extent and manner of exercising such right are matters of statutory regulations; the legislature may take away the right altogether, or it may enlarge such right under a constitutional provision conferring authority to make such modifications of existing laws as may be necessary. . ." Our Constitution (Art. VI, Sec. XV, Par. I; Code, Ann., § 2-5001) provides that the power to change venue is vested in the superior courts "to be exercised in such manner as has been, or shall be, provided by law." Under Code § 27-1201, the court should change the venue of a criminal proceeding "whenever, in his judgment, the accused party will be lynched, or there is danger of violence being attempted to be committed on said accused, if carried back, or allowed to remain in the county where the crime is alleged to have been committed" and if "the evidence submitted shall reasonably show that there is probability or danger of lynching, or other violence." Construed with other provisions of our Constitution (Code, Ann., §§ 2-102, 2-103, 2-105) which guarantee to every person the right to equal and impartial protection of the law, due process of law, and the right to a fair trial, it must be held that the "violence" referred to in Code § 27-1201 means not only that physical violence threatened by mobs or other lawless elements, but also violence to the defendant's fundamental right to a fair trial.

This movant does not complain that an impartial jury cannot

be convened in Douglas County, but he says in effect that an impartial jury will do him no good if he is unable to produce witnesses, and that he cannot produce certain witnesses in that county because of their fear, which he contends is justified, that they will suffer retaliatory measures from the prosecuting witness in this case. While the situation presented is novel, these facts, which must be taken as true in the absence of contradiction, are sufficient to show a danger of "violence attempted to be committed upon the accused" within the meaning of the statute. The word "violence" should not be limited to physical violence alone, but, in this case, should be extended to mean violence to the defendant's right to a fair trial under the circumstances.

The appellate courts have seen fit to change venue in any number of cases because a defendant was put in possible danger of violence. This was done in *Kennedy* v. *State,* 141 *Ga.* 314 (80 S. E. 1012). In *Pinkston* v. *State,* 80 *Ga. App.* 268, 271 (55 S. E. 2d 877) this court said: "Code § 27-1201 . . . further provides in part that 'if the evidence submitted shall reasonably show that there is probability or danger of . . . violence, then it shall be mandatory on said judge to change the venue to such county as, in his judgment, will avoid such. . .'

"What degree of evidence would be sufficient to establish a danger of violence to the accused is a question of such difficulty, and which must necessarily vary so greatly with the circumstances of each case, that it would be impossible to define its limits with exactitude. The danger may be obvious in some cases, and latent in others. It may be more threatening because it is unannounced. . .

"Where there is so much doubt as to the threat of . . . violence, the welfare of the State, as well as that of the citizens of the county in which the alleged crime was committed, demands, no less than the welfare of the individual defendant, that such doubt should be removed. This can only be accomplished by a change of venue, by which the State's case is in no way prejudiced and the society of this State as a whole in no way suffers." The office of the sheriff is set up to enforce the laws enacted for the protection of the lives, persons, property, health, and morals of

the people. A defendant in a criminal action has a right to depend on the law-enforcement agencies to protect him. In *State of Georgia* v. *Jeter*, 60 *Ga.* 489, 491, the Supreme Court said: "The general scheme of the law is not to trust the sheriff to perform the functions of an officer where he has the interest of a party. He is not to be both priest and penitent . . . Legal process is subject to abuse, and interest is a temptation which the law supposes average human nature may be unable to withstand." It is elementary that any defendant is entitled to have the venue of his case laid in a county where he and his witnesses are free from intimidation, and/or violence, and where he has the right to expect protection on behalf of himself and his witnesses from all law-enforcement agencies.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*