423 P.2d 39

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Joe SHAWAN, Defendant-Appellant.**

**No. 8207.**

Supreme Court of New Mexico.

Jan. 23, 1967.

William W. Bivins, Las Cruces, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENSLEY, Chief Judge, Court of Appeals.

An Information charging the defendant in Count I with assault with intent to kill, and in Count II with discharging a firearm within the limits of the city of Las Cruces, was filed in the District Court of Dona Ana County, New Mexico. Following a verdict of guilty on both counts the defendant now appeals.

The acts leading up to the arrest of the appellant took place on September 22, 1961. On September 25, 1961, complaints were filed before a Justice of the Peace charging the appellant with the offenses named in the preceding paragraph. On September 26, 1961, an Information was filed in the District Court of Dona Ana County charging the appellant with assault with intent to kill. The appellant entered a plea of guilty and was duly sentenced. Some four years after sentence the appellant's petition for a writ of habeas corpus reached the Circuit Court of Appeals, 10th Circuit, where it was ordered that the appellant be released, or in the alternative given a new trial. Shawan v. Cox, 10 Cir., 350 F.2d 909. On November 3, 1965, a new Information was filed in the District Court of Dona Ana County charging the appellant with the offenses named at the outset of this opinion.

The appellant contends that Count II of the Information filed on November 3, 1965, was barred by the Statute of Limitations. The offense charged in Count II, that is, unlawfully drawing or discharging a firearm in a settlement, is of the grade of a felony, and § 41–9–1, Third, N.M.S.A., 1953 Comp., was at the time of the commission of the alleged offense the applicable statute of limitations. Here the complaint was filed before the Justice of the Peace on September 25, 1961; the Information was first filed in the District Court on this Count on November 3, 1965. The defense was timely raised in the District Court at the conclusion of the state's case. The trial court erred in not dismissing this Count. On the other hand, Count I of the Information charged an assault with intent to kill. The evidence was undisputed that

the defendant used a firearm and that the scene of the crime was the main street in Las Cruces. Thus the elements of Count II were embraced in Count I. The trial court imposed no sentence on Count II. The error was without prejudice to the appellant and in view of the nature of the charges the ruling did not produce an erroneous result. In such case we will not reverse. Southern California Petroleum Corporation v. Royal Indemnity Company, 70 N.M. 24, 369 P.2d 407.

The appellant next urges that the trial court erred in overruling his motion for a change of venue. The appellant filed his motion for a change of venue on January 27, 1966, the morning of the day of trial, alleging that the appellant could not obtain a fair trial in Dona Ana County because of public excitement and local prejudice. Attached to the motion was the affidavit of the appellant and an exhibit being a photostatic copy of a part of the front page of the Las Cruces Sun-News published January 26, 1966. The exhibit was in words as follows:

### "TRIAL REVIVES CHASE MEMORIES

"Memories of a wild chase through Las Cruces and capture of two Texans in September 1961 will be revived here Thursday when one of the principals will stand trial again for assault with intent to kill.

"Claims Error

"Joe Shawon, who has been returned from the state penitentiary where he was serving a one to 25-year sentence, will take the stand again in his defense. He filed a claim that there was error in the proceeding in the original trial. The Federal Court ordered his release.

"The jury trial is scheduled for 9 a.m. in the county court house court room. The trial for Ynocente Bustillos, who is charged with involuntary manslaughter, has been passed over for a future date. "Shawon and a companion, Ronald T. Novak, were captured near the intersection of South Main and Lohman after their car ran off the road. Novak was dropped by a shot from State Police Sgt. R. J. McCool. It was the only shot taken by Sergeant McCool in the escapade and only after Shawon had fired at him.

"Wild Chase

"Prior to the capture, it was a wild chase punctuated by shots from Shawon's gun at the pursuing McCool. It all started when the two men broke away from officers at a routine road block west of the Rio Grande bridge. They were driving a stolen car.

"With McCool in close pursuit, the men raced down Picacho and turned south on Main. Shawon, who has been in jail before and was on parole from a Texas prison, fired back at McCool several times with a .44-caliber pistol.

"McCool never fired during the chase for fear of hitting innocent bystanders. He pressed the pursuit, hoping the fleeing men would turn north at Main and head out into the country north of the city where he could either fire at them or run them off the road.

"Final Shots

"When the fleeing car failed to make the turn at the intersection of South Main and Lohman, the men decided to make a run for it. Shawon fired at McCool, who was getting out of his patrol car, striking the door. McCool then got off his shot, downing Novak. Shawon promptly surrendered."

The motion was called to the attention of the trial court before the selection of a jury on January 27, 1966. The appellant further offered to call witnesses to establish that substantially the same story was broadcast by radio on January 26, 1966, in Las Cruces. The trial court denied the motion without hearing any evidence, but permitted the appellant to renew the motion at the conclusion of the voir dire examination of the prospective jurors. The motion was renewed and the trial court orally found " * * * that the inhabitants of the city were not in such a state of excitement or prejudice which would result in an improper trial or an unfair trial * * *"

The appellee, State of New Mexico, asserts that since the appellant failed to request a specific finding on the motion, that under the decision of State v. Fernandez, 56 N.M. 689, 248 P.2d 679, the question may not now be raised. The appellant made no request for written findings of fact. None was required. Section 21–5–4, N.M.S.A. 1953 Comp., requires the court to make findings of fact if there has been a hearing on the motion. This was also the holding in State v. Fernandez, supra. In the case now before the court there was no hearing on the motion; the court ruled summarily and therefore was not required to make findings of fact. The action of the trial court in announcing that the appellant could renew the motion after the voir dire examination of the prospective jurors is an indication that the court intended to reserve final judgment on the motion pending the examination of the individual jurors. Record was made of the examination and it discloses that six of the jurors called into the jury box had read the news item the evening before the trial; a seventh juror had read the paper but was not sure about the specific news item. Another juror called into the jury box had heard the radio broadcast of the news story. The appellant exhausted his peremptory challenges and of the twelve jurors who heard the case, three had read the newspaper article and another had heard the

radio broadcast. One of the jurors who served on the case and who had read the account when pressed for an answer concerning her ability to give the appellant a fair trial would go no farther than say, "I think so." The content of the news story contained much of the evidence relied upon by the state. The release of the story on the evening before the trial, coupled with the additional information concerning the appellant's prior criminal record plus the fact that the appellant and his companion were traveling in a stolen car all combined to create an atmosphere incompatible with impartiality. To expect a juror to confess prejudice is not always a reliable practice. A juror can be completely honest in denying prejudice. In the words of Alexander Pope, "All looks yellow to the jaundiced eye." We conclude that the denial of the appellant's motion for a change of venue, without a hearing, supported by the exhibit attached thereto, was an abuse of discretion requiring a reversal. See State v. Alaniz, 55 N.M. 312, 232 P.2d 982.

We have considered each of the additional propositions urged by the appellant as grounds for reversal and find them to be without merit.

In view of the foregoing the cause will be remanded to the trial court with directions to set aside the verdict and sentence, grant the motion for change of venue unless the same be controverted, and in that case grant

a hearing thereon, and proceed in a manner consistent herewith.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.