431 P.2d 497

STATE of New Mexico, Plaintiff-Appellee,

v.

Thomas Jefferson CHILDERS, Defend-
ant-Appellant.

No. 51.

Court of Appeals of New Mexico.

Aug. 25, 1967.

Boston E. Witt, Atty. Gen., Santa Fe,
Tom Overstreet, Edward R. Pearson, Asst.
Attys. Gen., for plaintiff-appellee.

M. Rosenberg, Rosenberg & Blenden,
Carlsbad, for defendant-appellant.

OPINION

HENSLEY, Jr., Chief Judge.

The appellant, Thomas Jefferson Child-
ers, was found guilty of four counts of
cattle theft. From the judgments and sen-
tences an appeal to this court has been
perfected.

The appellant here asserts that
the trial court erred in overruling his mo-
tion for a change of venue. The statute
relating to change of venue appears as §
21–5–3, N.M.S.A.1953. The record dis-
closes that the application for a change of
venue was timely filed. It is admitted that
the district attorney did not controvert the
allegations contained in the appellant's
verified motion. No hearing was had on
the motion which stated that the defendant
believed that he could not obtain a fair
trial in Eddy County and that an impartial
jury could not there be obtained. Neither
this court nor the trial court may indulge
in speculation as to the presence or ab-
sence of prejudice in the minds of the in-
habitants of any county. Where a motion
for a change of venue is timely filed in the
form and substance required by our stat-
ute, the trial court may require a hearing
thereon. Section 21–5–4, N.M.S.A.1953.
If no hearing is held, then a denial of the
motion is reversible error. See State v.

Alaniz, 55 N.M. 312, 232 P.2d 982; State v. Fernandez, 56 N.M. 689, 248 P.2d 679; Schultz v. Young, 37 N.M. 427, 24 P.2d 276.

We have considered the additional challenges made by the appellant. In view of our disposition of the case, they will not be discussed.

The judgments of conviction will be reversed and the cause remanded with directions to vacate the sentences, set aside the verdicts, grant the motion for a change of venue, and proceed with a new trial.

It is so ordered.

WOOD and SPIESS, JJ., concur.