431 P.2d 56

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Reyes BARELA, Defendant-Appellant.**

**No. 8409.**

Supreme Court of New Mexico.

Aug. 28, 1967.

---

Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Edward R. Pearson, Asst. Attys. Gen., Santa Fe, for appellee.

OPINION

HENSLEY, Chief Judge, Court of Appeals.

A Grand Jury in Santa Fe County returned an indictment accusing Reyes Barela with violations of §§ 54–7–13 and 54–7–14, N.M.S.A. 1953. The defendant disqualified the resident judges, employed an attorney and moved for a change of venue. Following an adverse ruling on his motion the defendant entered pleas of guilty to the two counts contained in the indictment. Sentences to be served concurrently were imposed. The defendant then moved to vacate the judgment and sentences pursuant to § 21–1–1(93), N.M.S.A. 1953. Free process was sought and was granted. Following an adverse ruling on the motion the defendant has appealed to this court.

The appellant contends that the pre-trial publicity in Santa Fe County caused him to enter pleas of guilty. The trial court found that the publicity given the case had not prejudiced the minds of the inhabitants of Santa Fe County. This finding was made after the court had heard the evidence submitted in support of the motion for a change of venue. The finding is conclusive where no abuse of discretion is shown. State v. Chavez, 58 N.M. 802, 277 P.2d 302. No abuse of discretion was shown here. The appellant places some reliance on Estes v. State of Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543, and Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600. The cases are readily distinguishable. In Estes the ruling of the court was not based on pre-trial publicity. The determinative factor was the disturbance and disorder in the court room caused by telecasting the proceedings. The atmosphere in the court room prevented the trial process from providing a reliable determination of guilt. In Sheppard a similar situation existed and the court there held that the prejudicial publicity and disruptive influences attending the prosecution deprived the petitioner of a fair trial.

Further attack on the judgment and sentence is grounded on the alleged unconstitutionality of § 54–7–13, N.M.S.A. 1953. This contention is voiced for the first time in this case on appeal to this court. The attack raised no question of jurisdiction and cannot be raised initially in this court. State v. Lattin, 78 N.M. 49, 428 P.2d 23. Section 21–2–1(20), N. M.S.A.1953.

Each of the points relied upon by the appellant in his motion to vacate the judgment and sentence although not briefed have been noted and are here again found to be without merit.

It is so ordered.

COMPTON and CARMODY, JJ., concur.