451 P.2d 557

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Robert Thomas MONTOYA, Donald Deats, and Carlos Perez, Defendants-Appellants.**

**No. 98.**

Court of Appeals of New Mexico.

Aug. 16, 1968.

Writ of Certiorari Issued Sept. 12, 1968.

Fred M. Calkins, Jr., Matteucci, Franchini & Calkins, Albuquerque, for appellants.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe., for appellee.

### OPINION

ARMIJO, Judge.

This appeal concerns only Donald Deats who was found guilty by a jury of the crimes of aggravated burglary and larceny.

Two points are relied upon by appellant as grounds for reversal. The first point is:

"THE PROSECUTOR'S FINAL ARGUMENT TO THE JURY WAS INFLAMATORY AND PREJUDICIAL INASMUCH AS IT INTRODUCED FACTS BEYOND THE RECORD AND WAS CONTRARY TO THE COURT'S INSTRUCTION."

The sufficiency of the evidence in support of the jury verdict, is not questioned.

Appellant recognizes that reasonable latitude should be allowed counsel during final argument. He claims, however, that the district attorney overstepped these bounds and thereby committed error.

We set out the comment claimed to be improper:

" * * * Why didn't Mr. Deats tell it when the officer talked to him? He showed a reluctance to testify.

"MR. CALKINS: Object. I will reserve it. I won't object to that point.

"THE COURT: All right. Proceed.

"MR. BRANDENBURG: Why didn't Mr. Deats tell the officer? If this is the way it happened, why didn't he tell them right then? If you were caught in a situation like Mr. Deats was caught in, and you are innocent, what is the first thing you are going to tell the police? Aren't you going to tell them exactly what you have been doing? Aren't you going to tell them about calling Mr. Farnum? Aren't you going to tell them the whole story so they can check it out? And, if it turns out to be true, are you going to languish in jail and say, 'Forget it, I don't want to talk to you?' I think you will consider this also."

At the conclusion of opening argument by the state, the following motion was made by defendant:

"THE COURT: State your motion, counsel.

"MR. CALKINS: At this time, Your Honor, the Defendant, Donald Deats, moves that you grant him a mis-trial based upon comments made by counsel in the final argument, which I understood to be that after Mr. Deats had been apprehended that he failed to explain or to tell the police officers what had transpired on the night of September 28, 1966. We submit, Your Honor, that this type of comment is prohibited by the case of State versus Trimble, inasmuch as this case states that the defendant is never under any obligation to make any statement to the police officers, and as the Court knows, under no obligation to ever make any statement in court unless he decides to so do. We think that this comment certainly is prejudicial error; that it could not be taken care of by instruction by the Court. And, we therefore move for a mis-trial.

"THE COURT: The motion is overruled. I will instruct the jury, if they recollect that statement, I do not recollect it. They may. But, if the [sic] recollect it, none of the parties placed under arrest had any obligation to make any statement whatsoever to the police, and their failure to do so is no indication of their guilt.

"MR. CALKINS: In view of the Court's statement, I think now a fundamental error, I will ask the Court not to make any statement then.

"THE COURT: If you request it, I will not make it. Call the jury."

We set forth the following facts developed at trial, pertinent to a discussion of this point. When the police arrived at the scene of an apparent burglary, appellant was standing in front of the burglarized building and was holding in his hand coins which were identified as having been stolen therefrom. A silk stocking was found in his trouser pocket and rubber gloves were also found on his person. He was armed with a pistol. Appellant testified in his own behalf and explained his presence at the scene as well as the other circumstances in an effort to exculpate himself. When the officer arrived at the scene appellant told the officer that he believed a burglary had been committed and appellant was then arrested after which he told the officer he had the wrong man.

Appellant relies on State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966) as authority for his contention that it is reversible error for the state to comment on a defendant's failure to give information at the time of arrest.

State v. Miller, supra, is not controlling, since it dealt with comment of the prosecution concerning the defendant's failure to testify at trial. In the case before us appellant testified in his own behalf and the matter complained of related to occurrences at and prior to the time of appellant's arrest.

■ We recognize the right of a defendant to remain silent at the time of his arrest, however we decline to pass on the propriety of the state's comment to the jury concerning what was or was not said by appellant at and prior to his arrest, because the claim of error was not properly preserved. Appellant objected but later withdrew his objection to the argument and allowed the prosecution to continue and appellant then sought to renew his objection at the close of the state's argument. This we conclude resulted in an untimely objection. In order to preserve claimed error for review, an objection to improper closing argument, must be timely made. Compare State v. Reynolds, 79 N.M. 195, 441 P.2d 235 (Ct.App.1968). The burden is on the appellant to make his objections known to the court at the earliest time in order to afford the court the opportunity to rule on the matter before allowing the argument to continue. Holden v. United States, 388 F.2d 240 (1st Cir. 1968). The failure to make timely objection concerning alleged error because of erroneous remarks made during the trial, will prevent them from forming a basis for errors at the appellate level: State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960); People v. Butcher, 174 Cal.App.2d 722, 345 P.2d 127 (1959); State v. Hernandez, 96 Ariz. 28, 391 P.2d 586 (1964) and Mears v. State, 83 Nev. 3, 422 P.2d 230 (1967) cert. denied, 389 U.S. 888, 88 S.Ct. 124, 19 L.Ed.2d 188 (1967) rehearing denied 389 U.S. 945, 88 S.Ct. 299, 19 L.Ed.2d 303 (1967), unless they violated the substantial rights of the accused.

■ Although objection to the argument was not timely made, the trial court offered to instruct the jury to disregard the comment objected to by appellant but appellant asked the court not to. We conclude that the foregoing was not prejudicial on its face and that the appellant was not prejudiced thereby.

■ Appellant next claims that error was committed during rebuttal argument and he calls our attention to remarks made by the district attorney wherein he referred to appellant and the other parties ar-

rested in connection with the offense as "partner in crime" that he referred to appellant as "professional" and to one of the other persons charged as a "front man."

Appellant testified to a prior conviction of burglary, and at the scene of the crimes he had on his person a firearm (which he admittedly had been carrying for several months) as well as other objects generally associated with persons who engage in illegal activity. These circumstances when considered together with the record as a whole, place the comment complained of within the range of legitimate closing argument. See State v. Anaya, 79 N.M. 43, 439 P.2d 561 (Ct.App.1968). An inference could be drawn from the testimony that appellant was a criminal, associated with criminals, and his associates engaged in activities classified as front men. Compare Sanders v. United States, 238 F.2d 145 (10th Cir. 1956). Appellant was not deprived of a fair trial because of such statements. They stated conclusions and inferences reasonably drawn from the facts and circumstances and were within the permissible range of argument.

■ Appellant also asserts error from the state's argument which relates in substance that the jury was referred to as the ultimate law enforcement agency and that the responsibility of law enforcement rested on their shoulders; that they had a responsibility to their neighbors, friends and other law abiding citizens and the result of their verdict would be indicative of the type of law enforcement they would want in Bernalillo County and with a corresponding degree and quality of police protection. No objection was made to any of these statements until after the close of the state's argument and we hold that by reason of appellant's failure to timely object thereto that he cannot now be heard to complain. Since the state was permitted to continue with its comment and because of appellant's failure to make timely objection and since we do not consider such remarks an abuse of the privilege of fair comment we are unable to disturb the judgment for such grounds.

■ This comment likewise falls within the permissible range of argument. See State v. King, 334 S.W.2d 34 (Mo.1960) where it was said:

"* * * the prosecution is generally permitted considerable latitude in arguing the necessity of law enforcement and the responsibility resting upon trial juries."

See also State v. Laster, 365 Mo. 1076, 293 S.W.2d 300, cert. denied, Laster v. State, 352 U.S. 936, 77 S.Ct. 237, 1 L.Ed.2d 167.

Other assertions presented under point one are found to be without merit.

Appellant's second claim of error is as follows:

"The trial court erred in failing to order a change of venue."

Appellant's verified motion for change of venue was timely filed and alleged in substance the grounds prescribed by the statute for allowing such change, the applicable portion of which reads as follows:

"§ 21–5–3, [N.M.S.A.1953 (Supp.1967).] *Change of venue in civil and criminal cases.*—A. The venue in all civil and criminal cases shall be changed, upon motion, to some county free from exception:

"* * * *

"(2) when the party moving for a change files in the case an affidavit of himself, his agent or attorney, that he believes he cannot obtain a fair trial in the county in which the case is pending because:

"* * * *

"(c) because of public excitement or local prejudice in the county in regard to the case or the questions involved therein, an impartial jury cannot be obtained in the county to try the case; or * * *."

This motion was one of a maze of motions filed by appellant and came on for hearing immediately preceding the trial of appellant and one of two other defendants. (The third defendant having just previously been granted a severance).

No responsive pleading was filed to the venue motion.

■ Appellant argues that because of public excitement and local prejudice resulting from wide publicity by newspaper and television news releases concerning him that he could not obtain a fair trial. He further argues that having complied with the provisions of § 21–5–3, N.M.S.A., 1953, and that since he voluntarily gave evidence in support of his motion and since the state did not controvert his pleadings nor present evidence that under such circumstances the court had no discretion but to sustain his motion; that being entitled to a change as a matter of law absent a hearing, that his evidence did not detract from but merely bolstered his position. He relies strongly on the case of State v. Alaniz, 55 N.M. 312, 232 P.2d 982 (1951).

We disagree with appellant's views. Appellant did not voluntarily present his evidence but rather after he indicated he had witnesses present, he was required to do so by the court.

Following presentation of evidence on a motion for severance, appellant expressed a desire to have the court next consider his venue motion as appears from the following colloquy:

"THE COURT: * * * Now, are there any other motions to be presented?

"MR. CALKINS: Your Honor, I would prefer to have the Court hear my Motion to Abate. I do have a Motion for Change of Venue. I have a number of the press present. I would like to get them on the stand and out of the way before I go on with this motion.

"THE COURT: All right, we will take that motion next. Call your witnesses."

Whereupon several witnesses were called and testified and numerous exhibits were received in evidence. Following this hearing the court overruled the motion. Appellant filed requested findings of fact and conclusions of law and the court rendered its decision resolving the issues against appellant.

As we have noted, the only pleading before the court on this issue was the motion. Appellant indicated he was prepared to support his pleading with evidence and the court then made a demand for evidence when it said "Call your witnesses." At this point, the allegations of the motion were put in issue and the evidence thereafter presented was to form the basis for the determination.

Instead of this motion resting on § 21–5–3, supra, it was brought within the purview of the following statute:

"§ 21–5–4, [N.M.S.A.1953]. *Evidence in support of application—Findings—Decision.*—Upon the filing of a motion for change of venue, the court may require evidence in support thereof, and upon hearing thereon shall make findings and either grant or overrule said motion."

Admittedly, if the court had not required evidence, appellant would have been entitled to a change of venue as a matter of law. State v. Childers, 78 N.M. 355, 431 P.2d 497 (1967); State v. Shawan, 77 N.M. 354, 423 P.2d 39 (1967); State v. Fernandez, 56 N.M. 689, 248 P.2d 679 (1952); State v. Alaniz, supra; and Schultz v. Young, 37 N.M. 427, 24 P.2d 276 (1933).

■ Appellant challenges the following finding made by the court:

"10. The television news casts and newspaper articles referred to above were so remote in time that there is no sufficient showing that they were prejudicial to the Defendant Deats, or that they would have any effect upon the Defendant receiving a fair and impartial trial in Bernalillo County."

A careful review of the record discloses ample support for the trial court's finding number 10. We will not disturb this ruling in the absence of clear abuse of discretion. State v. Barela, 78 N.M. 323, 431 P.2d 56 (1967); State v. Fernandez, supra.

We cannot say as a matter of law that because of wide publication and circulation of news making reference to appellant or to matters which he considers detrimental, much of which was remote in time from the date of trial, that such was sufficient to cause public excitement and give rise to passion or prejudice against appellant to

an extent necessary to require a change of venue. In this case, since the trial court considered the evidence insufficient, a denial of the motion was warranted. We cannot disturb this conclusion.

■ There is no statutory requirement for filing of a responsive pleading to a motion for change of venue, and the state's failure to controvert the motion cannot be made the basis for concluding that appellant was entitled to a change of venue as a matter of law. Section 21-5-3, N.M.S.A.1953, provides that the issue is raised by motion supported by affidavit and under these circumstances a motion is at issue without other pleading. See In re Estate of Taylor, 5 Ariz.App. 144, 424 P.2d 186 (1967).

■ In the absence of statutory requirement no answer or other pleading is required to a motion for change of venue. See State v. Kitchin, 282 S.W.2d 1 (Mo. 1955).

■ Likewise, the mere fact no counter-evidence was presented by the state furnishes no basis for a contrary holding since the burden of proof on the removal motion was on appellant. See Thomson v. Continental Insurance Co., 66 Cal.2d 738, 59 Cal.Rptr. 101, 427 P.2d 765 (1967); In re Ashbrook's Estate, 110 N.W.2d 184 (N.D. 1961).

The evidence was sufficient to support the "belief" by appellant, as specified in § 21-5-3, supra, but the trial judge did not consider it sufficiently persuasive to justify granting of the motion under § 21-5-4, supra.

Finding no error, the judgment and sentence of the trial court is affirmed.

It is so ordered.

SPIESS, C. J., concurs.

OMAN, J., dissenting.

OMAN, Judge (dissenting).

I am unable to concur in the majority opinion, and particularly am I unable to agree with the disposition made of defend-

ant's contention that the trial court erred in failing to order a change of venue.

The applicable portions of our statutes relative to a change of venue provide:

"§ 21-5-3, [N.M.S.A.1953 (Supp. 1967).] *Change of venue in civil and criminal cases.*—A. The venue in all civil and criminal cases shall be changed, upon motion, to some county free from exception:

" * * *

"(2) when the party moving for a change files in the case an affidavit of himself, his agent or attorney, that he believes he cannot obtain a fair trial in the county in which the case is pending because:

" * * *

"(b) the inhabitants of the county are prejudiced against the party; or

"(c) because of public excitement or local prejudice in the county in regard to the case or the questions involved therein, an impartial jury cannot be obtained in the county to try the case; or

" * * *

"B. Any party in any civil or criminal case at issue who desires a change of venue from the county in which the case is pending, and who objects to a change of venue to any other county within the same judicial district for any of the grounds stated in subsection A of this section shall move for a change of venue on or before the first day of any regular or special term of court.

" * * * *"

"§ 21-5-4, [N.M.S.A.1953]. *Evidence in support of application—Findings—Decision.*—Upon the filing of a motion for change of venue, the court may require evidence in support thereof, and upon hearing thereon shall make findings and either grant or overrule said motion."

Defendant filed a timely motion in affidavit form whereby he recited his belief that he was unable to obtain a fair trial in any of the three counties in the second judicial district because of the reasons re-

cited in § 21–5–3, subd. A(2) (b) & (c), N.M.S.A.1953 above quoted.

This motion and several other motions concerning him and the other defendants came on for hearing immediately preceding the trial. The State filed no response to defendant's motion for change of venue and in no way controverted the allegations of the motion by any pleading, although it did file affirmative responses for the purposes of controverting the allegations of other motions filed by the defendants, and these other motions and the responses thereto were heard on the same day the defendant Deats adduced evidence on his motion for change of venue.

Although the record does not reflect any requirement by the court that evidence be adduced in support of the motion for change of venue, defendant had caused witnesses from the newspaper and television media to be subpoenaed. As stated in the majority opinion, after some of the motions had been heard, the court inquired if there were any other motions to be presented. Defendant's counsel advised the court that there was a motion to abate and a motion for a change of venue, and that in order to free the witnesses, who had been subpoenaed in support of the motion for change of venue, he wished to put them on the stand before proceeding with the motion to abate.

The court then announced: "All right, we will take that motion next. Call your witnesses."

As of this time the State had made no response to the motion, and defendant was unable to know what evidence, if any, the State might offer to controvert any of the allegations of the motion. Under these circumstances, I am unable to agree that because the court said, "Call your witnesses," and the defendant then offered the testimony of his witnesses and a number of exhibits, consisting of newspaper articles, cartoons and editorials, all of which were received into evidence, and which tended to support defendant's verified motion, that the court was proceeding under

§ 21–5–4, N.M.S.A.1953, above quoted, or that the court could properly thereby completely disregard the uncontroverted allegations of the verified motion.

The State offered no evidence. It is frankly admitted by the State, and I agree, that nothing in the evidence offered by defendant in any way controverted the contentions or claims made by defendant in his motion.

As I read the evidence which was adduced by defendant, it cannot possibly be construed as a rebuttal of his claim of prejudice on the part of the inhabitants of the counties from which he sought a change of venue. His claim in this regard was clearly and obviously asserted pursuant to the express provisions of § 21–5–3, subd. A(2) (b), N.M.S.A.1953, above quoted.

It appears the trial court denied the motion on the ground that the evidence offered by defendant failed to persuade the court that defendant could not get a fair and impartial trial in Bernalillo County. The fact that the allegations of defendant's motion remained completely uncontroverted seems not to have been considered by the court.

The court's findings and conclusions made upon the evidence offered by defendant in support of his motion were as follows:

"FINDINGS OF FACT

"1. That KOAT–TV had scripts and pictures of the Defendant Deats on their television newscast on the following dates: June 24, 1965, February 8, 1966; March 10, 1966; March 11, 1966; October 12, 1966.

"2. That these pictures and scripts all dealt with court appearances on other criminal charges against the Defendant Deats, except for the ones on October 12, 1966, which pertained to the Criminal actions filed against said Defendant in the case at bar.

"3. That KOAT–TV has two television newscasts daily, at 6:00 P.M. and

10:00 P.M. and their estimated viewing audience is as follows:

"(a) For the 6:00 P.M. newscast, State-wide—99,000 homes; Albuquerque area, 51,000 homes;

"(b) That their 10:00 P.M. newscast has an estimated listening audience as follows:

Statewide—80,000 homes

Albuquerque area—39,000 homes.

"4. That KOB–TV, during the year 1966, made several newscasts during its regularly scheduled news programs regarding the Defendant Deats when the said Deats made criminal court appearances on other charges, and that the viewing audience of KOB–TV during said times was, at 6:00 P.M., State-wide, 35,000 homes, and in the Albuquerque are[a]s, 11,600 homes. With regard to the 10:00 P.M. newscast, the average listening audience is between 40,000 and 45,000 homes on the State-wide basis, and 15,000 homes in the Albuquerque area.

"5. That the Albuquerque Journal and Albuquerque Tribune had a total of 54 stories written on the Defendant Donald Deats' alleged criminal activities. Those involving Deats alone totaled 31 stories, additional stories involving Deats in which his name was printed total 10 clippings; Defendant Deats['] personal file on clippings pertaining exclusively to him totaled 13 clippings, and articles on the case at bar on Defendant Deats totaled 4 stories, for a total of 58 separate stories on the Defendant Donald Deats.

"6. That the circulation for the Albuquerque Journal and Albuquerque Tribune totals 62,000 per day for the Journal and 32,000 per day for the Tribune.

"7. That of the above totals, the Journal has a circulation of 42,000 papers per day in the Counties of Bernalillo, Sandoval and Valencia.

"8. That editorials have been printed in the Albuquerque Journal and Tribune since January 1, 1967, indicating the in-crease of crime in the City of Albuquerque and County [of] Bernalillo, and the appointment of a Crime Commission by both the City and County Commissions, for the purpose of relieving alleged difficulty of police work, because of recent decisions of the United States Supreme Court.

"9. On February 8, 1967, a cartoon appeared in the Albuquerque Journal depicting a burglar by a cash register with a policeman standing next to him with a caption showing obvious disregard and disrespect for recent decisions of the Supreme Court of the United States with respect to confessions of accused criminals.

"10. The television news casts and newspaper articles referred to above were so remote in time that there is no sufficient showing that they were prejudicial to the Defendant Deats, or that they would have any effect upon the Defendant receiving a fair and impartial trial in Bernalillo County.

"CONCLUSIONS OF LAW

"The Court Concludes:

"1. That the newspaper and television coverage demonstrated by the evidence of the Defendant in support of his Motion for Change of Venue does not establish local prejudice or public excitement that would be sufficient grounds for a Change of Venue in this case.

"2. The Defendant[']s Motion for Change of Venue from the Second Judicial District, being Bernalillo, Valencia and Sandoval Counties is hereby denied."

The first nine findings are identical with requests submitted by defendant. Defendant's requested Finding No. 10 and his requested conclusions were denied, and the court substituted therefor the court's Finding No. 10 and conclusions just quoted. The State made no requests for findings or conclusions, and, as already noted, offered nothing by way of pleading or evidence to controvert the claims made in the motion.

Although some minor changes have been made in the language and the form of organization of our statute, and it now embraces, not only the matter of changes of venue from one county to another county in the same judicial district, but also changes to a county in another district, the provisions of § 21–5–3, N.M.S.A.1953 (Supp. 1967), above quoted, insofar as our present problem is concerned, are the same in meaning as those involved in our prior statute and applied in Schultz v. Young, 37 N.M. 427, 24 P.2d 276 (1933) and State v. Alaniz, 55 N.M. 312, 232 P.2d 982 (1951).

In Schultz v. Young, supra, it was held that a moving and petitioning affidavit is sufficient if stated in the language of the statute. As above indicated, the defendant's motion in the present case was substantially in the language of the statute.

In State v. Alaniz, supra, the defendant filed a motion supported by affidavit, which complied with the statutory requirements. The State failed to controvert the charges in the motion by pleading or evidence. In reversing the denial of the motion, the Supreme Court of New Mexico had the following to say:

"* * * The State did not controvert the charges in this motion by any positive pleading whatsoever, nor did it offer any testimony to the contrary. Consequently the allegations of the motion and accompanying affidavit must be accepted as true. * * *"

"Where the defendant files a proper motion for a change of venue, which is duly supported, showing that the state of feeling in a county is such that he cannot obtain a fair trial, and those charges are not controverted, the defendant is entitled to a change of venue and the trial court has no discretion except to sustain his motion for it. Schultz v. Young, 37 N.M. 427, 24 P.2d 276. So, the defendant in this case was put upon his trial in contravention of his constitutional guaranties and of the statutes enacted for his protection. This the court below should not have permitted, and this court should not now permit the conviction to stand."

See also Yancey v. State, 98 Ga.App. 797, 107 S.E.2d 265 (1959); Brunner v. Commonwealth, 395 S.W.2d 382 (Ky.1965); Manning v. Commonwealth, 346 S.W.2d 755 (Ky.1961); McGee v. State, 200 Miss. 350, 26 So.2d 680 (1946); State v. Shawan, 77 N.M. 354, 423 P.2d 39 (1967); State v. Childers, 78 N.M. 355, 431 P.2d 497 (Ct. App.1967).

In my opinion the application of the above quoted statements of the law by our Supreme Court from State v. Alaniz, supra, to the facts in the present case, compels reversal of the judgment of conviction.

I see no reason or logic in depriving defendant of his right to a change of venue, which he has established by uncontroverted claims asserted in a motion complying with statutory requirements, merely because the evidence which he offers in support of his right is not in itself sufficient to convince the trial court that he cannot obtain a fair trial in the county or district in which the case is pending. The motion still stands uncontroverted. As stated in the Alaniz case, when the State does not controvert the charges in the motion by any positive pleading, and offers no testimony to the contrary, the allegations of the motion must be accepted as true.

I do not mean to suggest that the result I reach would be the same: (1) if the State had controverted the claims of defendant's motion, (2) if the evidence offered by the defendant himself had been directed toward every essential allegation of the motion and admittedly constituted the only basis upon which the allegations of the motion were predicated, or (3) if this evidence had been so contradictory as to raise a question of fact concerning the correctness of his claims. I say only that the defendant, by offering some evidence, which in no way contradicted his claims, did not forfeit his right to a change of venue which he acquired by the filing of

his motion in statutory form and by failure of the State, either by pleading or evidence, to controvert the claims or contentions asserted in the motion.

I would reverse and remand the cause for further proceedings. The majority having taken an opposite position, I dissent.